UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOLLY A. NEILL, an individual

　　　　　Plaintiff,

　　v.

ALL PRIDE FITNESS OF WASHOUGAL, a Washington Limited Liability Corporation, CHINDIANAOPLIS, LLC, a Washington Limited Liability Corporation; NILE PLOUFFE, an individual,

　　　　　Defendants.

Case No. C08-05424RJB

ORDER GRANTING MOTION TO SEAL AND MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on the Plaintiff's Motion to Seal (Dkt. 17) and Motion for a Protective Order and Motion to Strike (Dkt. 18). The Court has reviewed the pleadings filed in favor and in opposition to the motions and the remainder of the file herein.

## I. **FACTS**

On July 3, 2008, Plaintiff filed this case, alleging that she was subjected to sexual harassment by Defendant Nile Plouffe, a manager at All Pride Fitness, the fitness club where Plaintiff worked. Dkt. 3. Plaintiff claims Defendants: 1) violated her rights under Title VII, 42 U.S.C. § 2000, *et seq.*, 2) violated the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*, 3) retaliated against her in violation of Title VII and WLAD, 4) intentionally inflicted emotional distress upon her, and 5) wrongfully withheld her wages, contrary to RCW 49.48, *et seq.* and 49.52, *et seq. Id.* Plaintiff seeks damages and injunctive relief. *Id.*

This opinion will first address the Motion to Seal and the Motion to Strike because they deal with some of the same documents. This opinion will then address the Motion for a Protective Order.

ORDER - 1

## II. DISCUSSION

### A. MOTION TO SEAL AND MOTION TO STRIKE

Local Fed. R. Civ. P. 5 (g)(1) states that "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Fed. R. Civ. P. 5 (g) (2) further provides that, "[t]he court may order the sealing of any files and records on motion of any party, on stipulation and order, or on the court's own motion. . . . The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access."

Two standards generally govern motions to seal documents. *Pintos v. Pacific Creditors Ass'n,* 504 F.3d 792, 801 (9th Cir. 2008). A "compelling reasons" standard applies to most judicial records. *Id.* (*citing Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006)). "To limit this common law right of access, a party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Id.* (*internal quotation marks and citations omitted*). On the other hand, "private materials unearthed during discovery" are not part of the judicial record. *Id.* "A different standard applies to that category, from Rule 26 (c) of the Federal Rules of Civil Procedure, which provides that a trial court may grant a protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* The standard for purposes of "Rule 26 (c) is whether 'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.*

Plaintiff's Motion to Seal (Dkt. 17) seeks an order sealing the following documents in the record: Plaintiff's Motion for Protective Order (Dkt. 18), Plaintiff's Motion to Strike (Dkt. 18), Plaintiff's Motion to Seal (Dkt. 17), Defendants' Initial Disclosures (Dkt. 15), all pleadings filed in support of these documents (Dkts. 19, and 25), and pleadings filed in opposition to the Motions (Dkts. 22-24).

The subject matter Plaintiff seeks to seal is the subject of a complaint to the Washington State Bar Association. Plaintiff has shown that compelling reasons, supported by specific facts, outweigh the general history of access and public policies favoring disclosure of these pleadings. *Pintos*, at 801. Plaintiff has also shown that these pleadings should be sealed "to protect a party or person from annoyance,

ORDER - 2

embarrassment, oppression, or undue burden or expense." *Id.* Plaintiff's Motion to Seal Plaintiff's Motion for Protective Order (Dkt. 18), Plaintiff's Motion to Strike (Dkt. 18), Plaintiff's Motion to Seal (Dkt. 17), Defendants' Initial Disclosures (Dkt. 15), all pleadings filed in support of these documents (Dkts. 19, and 25), and pleadings filed in opposition to the Motions (Dkts. 22-24) should be granted. Plaintiff's motion to seal further pleadings which reference the subject matter of the Bar complaint should be granted, but may be subject to challenge from Defendants. Plaintiff's motion to strike (Dkt. 18) should be stricken as moot, because sealing these pleadings is sufficient.

### B. MOTION FOR PROTECTIVE ORDER

Plaintiff seeks a protective order pursuant to Fed. R. Civ. P. 26 (c) preventing Defendants from deposing Plaintiff's attorney, Arin Dunn, or obtaining discovery from Dunn & Sheldrick, PS, except upon motion to the Court after all other discovery is concluded. Dkt. 18. Plaintiff also seeks an order prohibiting the Defendants from mentioning the subject matter of the Washington State Bar complaint to any witness or potential witness except Jodi Harris, Defendant Plouffe or a speaking agent of the corporate Defendants. *Id.*

At this stage in the litigation, Plaintiff has shown good cause pursuant to Fed. R. Civ. P. 26 (c) to prevent Defendants from deposing Mr. Dunn or seeking discovery from Dunn & Sheldrick, PS without court order. Because the court is loathe to issue an order of prior restraint on speech, plaintiff's motion to prohibit Defendants from mentioning the subject matter of the Washington State Bar complaint to any witness or potential witness except to Jodi Harris, Defendant Plouffe, or a speaking agent of the corporate Defendants is denied, with this caveat: Civility is of utmost importance to this Court and to the legal profession. Parties are encouraged to work together and act professionally in all things with the aspirations of the Preamble to the Code of Professional Responsibility in mind.

### C. JOINT STATUS REPORT

The Joint Status Report is over three weeks late. The parties should be ordered to file a Joint Status Report forthwith, without reference to opposing counsel.

### III. ORDER

Accordingly, it is hereby **ORDERED THAT**:

- Plaintiff's Motion to Seal (Dkt. 17) is **GRANTED**, the following pleadings are to **REMAIN UNDER SEAL**: Plaintiff's Motion for Protective Order (Dkt. 18), Plaintiff's Motion to Strike (Dkt. 18), Plaintiff's Motion to Seal (Dkt. 17), Defendants' Initial Disclosures (Dkt. 15), all pleadings filed in support of these documents (Dkts. 19, and 25), and pleadings filed in opposition to the Motions (Dkts. 22-24). Further pleadings which reference the subject matter of the Bar complaint should be filed under **SEAL**, but may be subject to challenge from Defendants;
- Plaintiff's Motion for Protective Order (Dkt. 18) is **GRANTED IN PART AS ABOVE**;
- Plaintiff's Motion to Strike (Dkt. 18) **IS STRICKEN AS MOOT**;
- Parties **ARE ORDERED TO FILE** a Joint Status Report forthwith and not later than Friday, **November 21, 2008**; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of November, 2008.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN

United States District Judge