UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOLLY A. NEILL, an individual<br><br>Plaintiff,<br><br>v.<br><br>ALL PRIDE FITNESS OF WASHOUGAL, a Washington Limited Liability Corporation, CHINDIANAOPLIS, LLC, a Washington Limited Liability Corporation; NILE PLOUFFE, an individual,<br><br>Defendants. | Case No. C08-05424RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER, PLAINTIFFS' MOTION TO QUASH, PLAINTIFFS' MOTION TO STRIKE, DEFENDANTS' MOTION TO COMPEL AND DEFENDANTS' MOTION FOR FEES |

This matter comes before the Court on the Plaintiffs' Motion for Protective Order (Dkt. 38), Plaintiffs' Motion to Quash Defendants' Amended Notice of Deposition to Holly Neill and to Terminate Deposition (Dkt. 40), Plaintiffs' Motion to Strike Defendants' Amended Answer (Dkt. 41), Defendants' Motion to Amend (Dkt. 42), Defendants' Motion to Compel (Dkt. 44), and Defendants' Motion for Attorneys' Fees and Costs (Dkt. 44). The Court has reviewed the pleadings filed and the remainder of the file herein.

## I. **FACTS**

On July 8, 2008, Plaintiff Holly Neill's application to proceed *in forma pauperis* was granted. Dkt. 2. Ms. Neill alleges in her Complaint that she was subjected to sexual harassment by Defendant Nile Plouffe, a manager at All Pride Fitness/Chindianaoplis, the fitness club where Plaintiff worked. Dkt. 3. Ms. Neill claims Defendants: 1) violated her rights under Title VII, 42 U.S.C. § 2000, *et seq.*, 2) violated the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*, 3) retaliated against her in

ORDER - 1

violation of Title VII and WLAD, 4) intentionally inflicted emotional distress upon her, and 5) wrongfully withheld her wages, contrary to RCW 49.48, *et seq.* and 49.52, *et seq. Id.*

On January 7, 2009, Ms. Neill's Motion to Amend the Complaint was granted. Dkt. 32. An Amended Complaint was filed, and two additional women, Cori Mulsoff and Brenda Jones, joined the case as plaintiffs alleging they too suffered sexual harassment and other violations of their rights at the hands of Defendants. Dkt. 34. The Plaintiffs seek damages and injunctive relief. *Id.*

On February 25, 2009, Plaintiffs filed several motions, each of which will be reviewed below. Defendants responded, and included additional motions in their pleadings, each of with will also be addressed below.

### A. PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs now move for a protective order: 1) regarding the disclosure of their "medical records, metal health records or other treatment or evaluation information except on specified terms and conditions," and 2) to establish Clark County, Washington, as the location for "depositions and other minor discovery matters for witnesses and parties that resided in, conduct business in, or were otherwise available in Clark County during the relevant period." Dkt. 38. Plaintiffs argue that they have good cause for both parts of the protective order. *Id.*

As to the first basis, Defendants do not object to the motion for a protective order regarding the Plaintiffs' medical information. Dkt. 44. Indeed, Defendants attach a Proposed Stipulated Protective Order, signed only by Defendants, regarding the medical information. Dkt. 45.

As to the second basis, the record indicates that Defendants have scheduled Ms. Neill's deposition in Tacoma, which is around 300 miles round trip from her home. Dkt. 39-17. She and the other Plaintiffs state that they seek a protective order to have depositions in Clark County because they all are people with very limited means, would like to be present during at least some, if not all of the scheduled depositions, and are concerned about losing their jobs if they do attend them. Dkts. 39-16, 39-17 and 39-18. Plaintiffs note that a majority of the witnesses, Plaintiffs, and Plaintiffs' counsel all live in Clarke County. Dkt. 38. Plaintiffs request that the Court order all depositions and minor discovery be done in Clarke County, Washington. *Id.* Plaintiffs argue that Defendants' insistence on conducting depositions outside the county where the events in question took place is inefficient and creates unnecessary costs. *Id.*

ORDER - 2

Defendants oppose the motion for protective order regarding conducting all discovery in Clarke County. Dkt. 44. They argue that they noted Ms. Neill's deposition in Tacoma on a mutually agreed date and offered to pay her travel expenses. Dkt. 44, at 4. They argue that the Plaintiffs have opted to proceed with this litigation in federal court, and Defendants should be permitted to conduct depositions in the community where the court is located. *Id.*

Plaintiffs reply, arguing that Defendants have not made any showing that the Plaintiffs did not have good cause for a protective order. Dkt. 47. Plaintiffs argue that Defendants' offer to pay Ms. Neill's expenses at a rate $100 lower than that required under the IRS 2009 standard mileage rate for travel expenses is insufficient to mitigate her burden. *Id.*

### B. PLAINTIFFS' MOTION TO QUASH DEPOSITION

Plaintiffs move to quash the deposition of Ms. Neill, arguing that it is too economically burdensome for her to travel to Tacoma for her deposition. Dkt. 40. She states that she is a single mother, who works part time. *Id.* She states that due to her limited resources, the actual cost of travel to Defendants' preferred location constitutes significant burden for her. *Id.* Defendants oppose the motion and argue that they should be allowed to depose Ms. Neill in Tacoma. Dkt. 44.

### C. PLAINTIFFS' MOTION TO STRIKE & DEFENDANTS' MOTION TO AMEND

Plaintiffs move to strike Defendants' Amended Answer (Dkt. 37), arguing that it was not timely filed, and is redundant of the prior Answer. Dkt. 41. Defendants respond, arguing that Plaintiffs' motion is unnecessary because the amendments make clear that the Defendants are only changing two paragraphs wherein they challenge the Court's subject matter jurisdiction and assert that lack of jurisdiction as an affirmative defense. Dkt. 42. Defendants argue that they deny that they have more than 15 employees, and are now challenging the Court's jurisdiction as Title VII only applies to employers "engaged in an industry affecting commerce who has fifteen or more employees . . . ." *Id.*, at 2. In the alternative, Defendants argue that if the Court is inclined to grant the Plaintiffs' motion, the Defendants move to amend their Answer. *Id.*

### D. DEFENDANTS' MOTION TO COMPEL

Defendants move to compel the production of medical records pursuant to Fed. R. Civ. P. 26 (a)(1). Dkt. 44. Plaintiffs argue that they complied with the requirements under the discovery rules, and

argue that they "refuse to waive the privilege associated with possible medical information until this Court decides whether the privilege associated with such records is worth preserving." Dkt. 47.

### E. DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants argue that they should be awarded attorneys' fees and expenses in responding to these motions. Dkt. 44, at 7. Defendants argue that these motions were not necessary, and the relief is inappropriate. *Id*. Defendants argue that even if the Court were to find in the Plaintiffs' favor, an award of fees against them is not justified. *Id.* Stating, "[a]ll Defendants did is note one deposition in the city where this action was filed." *Id.* Plaintiffs oppose the award of attorneys' fees and costs to Defendants. Dkt. 47.

## II. DISCUSSION

### A. PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

After a showing of good cause "the district court may issue any protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure." *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004) (*citing* Fed.R.Civ.P. 26(c)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id*. at 1063-64.

#### 1. Health and Mental Records

Plaintiffs' Motion for a Protective Order regarding the health care information should be granted. They have shown that a protective order is justified because of the substantial and particularized damage which could flow from of the dissemination of the personal information contained in these records.

#### 2. Location of Depositions and Other "Minor Discovery Proceedings"

Plaintiffs have shown good cause for a protective order establishing Clark County, Washington, as the location for depositions and other minor discovery proceedings for witnesses and parties that reside in, conduct business in, or are otherwise available in Clark County unless the parties otherwise stipulate. Plaintiffs have shown that each of them have exceptionally limited financial resources and that it would be unduly burdensome for them to travel for their depositions. Dkts. 39-16, 39-17 and 39-18. Moreover, Defendants do not dispute that a majority of the parties and witnesses reside and work in Clark County.

ORDER - 4

Accordingly, conducting depositions and other discovery in that county is more economical. All parties should be aware that compliance with the Local and Federal Rules of Civil Procedure and the Washington Rules of Professional Conduct is required. Parties are strongly encouraged to work together to resolve these types of discovery disputes.

### B. PLAINTIFFS' MOTION TO QUASH

Plaintiffs' Motion to Quash Defendants' Amended Notice of Deposition to Holly Neill and to Terminate Deposition (Dkt. 40) should be granted. Fed. R .Civ. P. 45(3) (A)(iv) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." As above, Ms. Neill and the other Plaintiffs have shown that traveling to Tacoma, Washington for their depositions is an undue burden. Accordingly, the Plaintiffs' motion should be granted.

### C. PLAINTIFFS' MOTION TO STRIKE & DEFENDANTS MOTION TO AMEND

Fed. R. Civ. P. 15 (a) (1) provides: "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. 15 (a) (2) provides: "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

Plaintiffs' Motion to Strike Defendants' Amended Answer (Dkt. 41) should be denied and Defendants' Motion to Amend (Dkt. 42) should be granted. The record shows that Defendants did not timely file their Amended Answer. (On January 9, 2009, Plaintiffs filed their Amended Complaint. Dkt. 34. On January 27, 2009, Defendants filed their Answer. Dkt. 36. Defendants then filed an Amended Answer, 31 days later on February 24, 2009. Dkt. 37. Accordingly, Defendants did not file the Amended Answer within 20 days of the Answer as contemplated by the rules.) Nor did Plaintiffs stipulate to the filing of an Amended Answer, and Defendants did not seek, nor were they granted leave of the Court to file an Amended Answer. On the other hand, Plaintiffs do not meaningfully object to the content of the amendments, nor is there any showing that these amendments are futile. Moreover, pursuant to Fed. R.

ORDER - 5

Civ. P. 1, the rules are to be "construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." In the interests of conserving resources and resolving this motion in a speedy and just manner, Defendants' Motion to Amend (Dkt. 42) should be granted.

As these amendments make clear, in light of the fact that the Defendants are challenging the Court's jurisdiction, Defendants are strongly encouraged to raise this issue as soon as possible in order to ensure conservation of all parties' and the Court's resources.

### D. DEFENDANTS' MOTION TO COMPEL

Defendants' motion to compel should be stricken. Defendants make a motion to compel the production of "medical records" pursuant to Fed. R. Civ. P. 26 (a)(1) within the pleading entitled "Defendants' Response to Plaintiffs' Motions for Protective Order and to Quash Notice of Deposition and to Terminate Deposition." Dkt. 44, at 6-7. Defendants do not clearly identify their intention to make a motion in the caption, nor do they note the motion for consideration in any manner. Local Fed. Rule Civ. P. 7 (d)(3) provides that "[a]ll motions shall include in the caption (immediately below the title of the motions) the date the motion is to be noted for consideration." Pursuant to Local Fed. Rule Civ. P. 7 (d)(3), "all discovery motions not using the option under Fed. R. Civ. P. 37 (a)(2)(B) . . . shall be noted for consideration no earlier than the third Friday after filing and service of the motion." In contrast, the motion to which Defendants responded, a motion for a protective order, is noted for seven judicial days after filing. Local Fed. Rule Civ. P. 7 (d)(2)(D). Defendants motion should be stricken for failure to follow the Local Federal Rules of Civil Procedure. The Court will not now reach the merits of the arguments raised, including the issue of privilege.

### E. DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants make no showing that they are entitled to attorneys' fees. The motion should be denied.

### III. ORDER

Accordingly, it is hereby **ORDERED THAT**:

- Plaintiffs' Motion for Protective Order (Dkt. 38) is **GRANTED**, and a Protective order is being entered by the Court under a separate docket number;

ORDER - 6

1 • Plaintiffs' Motion to Quash Defendants' Amended Notice of Deposition to Holly Neill and to Terminate Deposition (Dkt. 40) is **GRANTED**;

- Plaintiffs' Motion to Strike Defendants' Amended Answer (Dkt. 41) is **DENIED**;
- Defendants' Motion to Amend (Dkt. 42) is **GRANTED**;
- Defendants' Motion to Compel (Dkt. 44) is **STRICKEN**;
- Defendants' motion for attorneys' fees and costs (Dkt. 44) is **DENIED**; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of March, 2009.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge