UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOLLY A. NEILL, an individual; CORI MULSOFF, an individual; BRENDA JONES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ALL PRIDE FITNESS OF WASHOUGAL, LLC, a Washington Limited Liability Corporation; CHINDIANAOPLIS, a Washington Limited Liability Corporation; NILE PLOUFFE, an individual,<br><br>Defendants. | Case No. C08-5424RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY DEFENDANTS' ATTORNEYS |

This matter comes before the Court on Plaintiffs' Motion to Disqualify Defendants' Attorneys. Dkt. 51. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I.  FACTS AND PROCEDURAL BACKGROUND**

On July 8, 2008, Plaintiff Holly Neill's application to proceed *in forma pauperis* was granted. Dkt. 2. In her Complaint, Ms. Neill alleges that she was subjected to sexual harassment by Defendant Nile Plouffe, a manager at All Pride Fitness of Washougal LLC and Chindianaoplis LLC, the fitness club where she worked. Dkt. 3. Ms. Neill makes claims under: 1) Title VII, 42 U.S.C. § 2000, *et seq.*, 2) the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*, 3) Title VII and WLAD's retaliation provisions, 4) Washington's common law prohibiting the intentional infliction of emotional distress, and 5) RCW 49.48, *et seq.* and 49.52, *et seq.* for the

ORDER - 1

wrongful withholding of her wages. Dkt 3.

On January 7, 2009, Ms. Neill's Motion to Amend the Complaint was granted. Dkt. 32. An Amended Complaint was filed, and two additional women, Cori Mulsoff and Brenda Jones, joined the case as Plaintiffs, alleging they too suffered sexual harassment and other violations of their rights at the hands of Defendants. Dkt. 34. Plaintiffs allege that they were jointly employed by Defendants Chindianapolis, LLC and All Pride Fitness of Washougal ("All Pride"). *Id.* at 2. The Amended Complaint alleges that Defendant Chindianaoplis "is a holding company of numerous fitness companies." It further alleges that, "[a]s of September 2007, [Chindianaoplis] operated 25 separate facilities and had hundreds of employees. [All Pride] is a subsidiary of [Chindianaoplis] and was a holding of [Chindianaoplis] during the relevant period herein." *Id.*

Defendants are represented by David A. Nold and Brian Muchinsky of Nold & Associates, PLLC. Dkt. 8. Mr. Nold acknowledges having a financial interest in Defendant Chindianaoplis. Dkt. 56. Exploration of the nature of his interest, and a little about the relationship between the two Defendant companies is helpful in deciding the motion.

To that end, the record contains a document entitled "Amended and Restated Limited Liability Company Agreement of Chindianaoplis Limited Liability Company" ("Chindianaoplis Amended LLC Agreement" or "Agreement"). Dkt. 55-2. This Agreement is dated June 27, 2007. *Id.* The Agreement states that Mr. Nold owns 16.66% of Chindianaoplis, a Mr. and Ms. Bahlenhorst own 66.68%, and a Mr. Valentine own 16.66%. *Id.,* at 1. Mr. Nold states that he is a "Member," (Dkt. 56) which the Agreement defines as "each person who executes a counterpart of this Agreement and makes its Capital Contribution" (Dkt. 55-2, at 4) as opposed to a "Manager," defined as "John Bahlenhorst" (Dkt. 55-2, at 4). Although the Agreement states that, "[t]he current members of the Company are listed on Exhibit A along with their membership interest," Defendants failed to file the "Exhibit A." In any event, according to the Agreement, a "Member" votes on items like election of Managers, setting compensation, and approving the operating plan. Dkt. 55-2, at 6.

ORDER - 2

Members must all consent to any "Major Decision" (Dkt. 55-2, at 6), defined in the Agreement as a decisions like making a capital expenditure or incurring any debt over $10,000. Dkt. 55-2, at 3.

The record also contains a document entitled "All Pride Fitness at Washougal, LLC Limited Liability Company Agreement by and between Chindianaoplis, LLC and Fender Mill Consulting & Investments, LLC and Karen Flynn" ("All Pride Agreement"), dated January 1, 2006. Dkt. 52-2, at 3. The All Pride Agreement creates two classes of Members in All Pride - Class A Members and Class B Members. Dkt 52-2. Chindianaoplis is the only Class A Member. Dkt 52-2, at 7. Accordingly, its consent is needed before a "major decision" is made, like the sale of the business, a merger, an acquisition of land, the making of any non-budgeted expenditure in a sum of more than $10,000, or any decision regarding the financing of All Pride. Dkt. 52-2, at 6. The All Pride Agreement also refers to a position of "General Manager," who personally supervises the day to day operations of All Pride. Dkt 52-2, at 6.

Defendant Nile Plouffe filed a Declaration in opposition to the motion, and states that he is the "General Manager" of All Pride. Dkt. 57, at 1. Mr. Plouffe states that he received a letter from Mr. Nold advising him of a potential conflict of interest between Mr. Plouffe and the other Defendants. Dkt. 57, at 1. He states that upon consideration of the potential conflict of interest, he consented to the joint representation in writing. Dkt. 57, at 1.

Mr. Bahlenhorst also filed a Declaration in opposition to the motion, and indicates that he received a letter from Mr. Nold advising him of the potential conflict of interest. Dkt. 55. Mr. Bahlenhorst states that he consented to the joint representation in writing. Dkt. 55.

Neither Mr. Nold's letter to Mr. Plouffe or Mr. Bahlenhorst regarding a potential conflict of interest, nor Mr. Plouffe's or Mr. Bahlenhorst's written consent to the joint representation originally appeared in the record. This Court renoted the motion and gave Defendants an opportunity to supplement the record. Dkt. 69. Defendants supplemented the record, and requested an opportunity to provide the letter regarding the potential conflict of interest and consent to joint representation for

ORDER - 3

*in camera* review. Dkts. 77-79. Defendants request was granted (Dkt. 88), and the letter regarding the potential conflict of interest and consent to joint representation was sent to the Court and reviewed *in camera*.

*PENDING MOTION*

In the instant motion to disqualify counsel, Plaintiffs argue that Mr. Nold is a managing member of Chindianapolis, Chindianapolis has control over All Pride, and so his representation appears to create a conflict or potential conflict of interest under Washington Rule of Professional Conduct ("RPC") 1.7. Dkt. 51. Plaintiffs argue that Mr. Nold and his associates failed to disclose material facts and made false statements in the case regarding the nature of the relationship between Chindianapolis and All Pride, and failed to disclose Mr. Nold's financial interest in Chindianapolis. *Id.* Plaintiffs argue further that Mr. Nold should be disqualified under RPC 3.7 - prohibiting a lawyer from acting as an advocate and witness. Dkt. 51.

Defendants argue, in their Response, that Mr. Nold is not a managing member of Chindianaoplis, but a minority member. Dkt. 53. Defendants acknowledge that Mr. Nold has a 16.66% interest in Chindianapolis, but argue that he does not, and never has had, any role as a manager. *Id*. Defendants argue that John Bahlenhorst is the sole managing member of Chindianaoplis. *Id*. (*citing* 55-2, at 11). *Id.* Accordingly, Defendants argue that Mr. Nold has no conflict of interest under RPC 1.7 by virtue of his minority interest in Chindianaoplis and the fact that the potential conflict was disclosed and knowingly waived by all Defendants. *Id*. Defendants urge that Plaintiffs do not have standing to raise these issues. *Id.* Defendants argue that Plaintiffs' counsel are mistaken when they argue that there has been a failure to disclose material facts to the Court or the making of false statements. *Id.* They further argue that Mr. Nold will not be a necessary witness at trial and should not be disqualified pursuant to RPC 3.7. *Id.*

Plaintiffs reply, arguing that it is undisputed that Mr. Nold failed to disclose his ownership interest in Defendant Chindianaoplis for the past two years. Dkt. 62. Plaintiffs argue that Mr. Nold

ORDER - 4

has a decision-making role based upon the All Pride Agreement and Chindianaoplis Amended LLC Agreement. *Id.* As to whether Defendants have withheld evidence, Plaintiffs point out that portions of the Chindianaoplis Amended Agreement were not filed, including the "Exhibit A" which details the "current members along with their ownership interests." *Id.*, (*citing* Dkt. 55-2, at 1). Plaintiffs argue that Mr. Nold has highly relevant information as a witness in this case, particularly as to the number of employees at both Chindianaoplis and All Pride, which is relevant to their Title VII claims. *Id.* Plaintiffs argue that Mr. Nold violated RPC 1.7 because he did not obtain a written waiver as to his personal conflict of interest with his clients before representing them. *Id.* Plaintiffs argue that Mr. Nold failed to obtain written informed consent for his business transactions with his clients under RPC 1.8. *Id.* Plaintiffs argue that they have standing to attempt to have Mr. Nold disqualified and such disqualification is imputed to his associates. *Id.*

Defendants file a Surreply, and argue that Plaintiffs raise their RPC 1.8 argument for the first time in their reply, so it should be disregarded. Dkt. 66. Defendants state that Plaintiffs statement of the status of discovery is false. Dkt. 66. Defendants also take issue with Plaintiffs' characterizations of the disclosure of the "conflict of interest" and other facts. *Id.* Defendants argue that Plaintiffs fail to provide any authority for the proposition that Mr. Nold had a duty to disclose his ownership interest. *Id.*

Plaintiffs' counsel then files a letter to the Court, objecting to the Surreply. Dkt. 68. Plaintiffs' counsel argues that it was not filed pursuant to the Local Federal Rules of Civil Procedure. *Id.* Plaintiffs' counsel then states that Plaintiffs "request this Court to consider whether an alternative remedy may be more appropriate than disqualification." *Id.* The letter continues, "Plaintiffs are primarily concerned that Defendants' continued threats, accusations, and personal attacks may be caused by Mr. Nold's personal stake in the outcome of the litigation." *Id.*

This opinion will first consider the appropriateness of the Surreply, then Plaintiffs' Motion to Disqualify Defendants' Attorneys, and lastly, other issues discussed by the parties.

ORDER - 5

## II. DISCUSSION

### A. SURREPLY

Local Fed. R. Civ. P. 7(g) provides that requests to strike material contained in or attached to a reply brief may be filed in a surreply, subject to the following: (1) the party requesting that the court strike the material must file a notice of intent to file a surreply, (2) the surreply must be filed within five judicial days of the filing of the reply brief, and "shall be strictly limited to addressing the request to strike," (3) the surreply shall not exceed three pages, and (4) no response shall be filed unless requested by the court.

Defendants' Surreply (Dkt. 66), does not move to strike any material contained in or attached to a reply brief. Plaintiffs' counsel's letter (Dkt. 68) was not requested by the Court. Neither of these pleadings were properly filed, and should be stricken.

### B. MOTION TO DISQUALIFY

The Court first refers to the local rules regulating the conduct of members of its bar in determining whether an attorney's representation of a particular client violates the attorney's ethical responsibilities. *Paul E. Iacono Structural Engineer, Inc. v. Humphrey,* 722 F.2d 435, 439 (9th Cir. 1983); *Avocent Redmond Corp. v. Rose Electronics,* 491 F. Supp. 2d 1000 (W.D.Wash. 2007). Local General Rule 2(e), "Standards of Professional Conduct," provides that:

> In order to maintain the effective administration of justice and the integrity of the Court, attorneys appearing in this District shall be familiar with and comply with the following materials ("Materials") (1) The Local Rules of this District, including the Local Rules that address attorney conduct and discipline; (2) the Washington Rules of Professional Conduct, as promulgated, amended and interpreted by the Washington State Supreme Court (the "RPC"), and the decisions of any court applicable thereto; ... In applying and construing these Materials, this Court may also consider the published decisions and formal and informal ethics opinions of the Washington State Bar Association, the Model Rules of Professional Conduct of the American Bar Association and Ethics Opinions issued pursuant to those Model Rules, and the decisional law of the state and federal courts.

Plaintiffs argue that Mr. Nold's representation of Defendants violates or may violate RPC 1.7, 1.8, and 3.7. Dkts. 51, and 62. Plaintiffs' argue that Mr. Nold should be disqualified, or an

ORDER - 6

"alternative action" should be taken against him. *Id.* Plaintiffs further argue that Mr. Nold's disqualification necessitates the disqualification of his firm, including Mr. Muchinsky under RPC 1.10. *Id.*

### 1. Washington Rule of Professional Conduct 1.7

RPC 1.7 provides that:

(a) A lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing (following authorization from the other client to make any required disclosures).

#### a. *Existence of Concurrent Conflict of Interest*

This opinion will now discuss the sources of a potential conflict of interest - Mr. Nold's interest in Defendant Chindianaoplis and his representation of all three Defendants.

##### i. Mr. Nold's Interest in Chindianaoplis

Plaintiffs have failed to make a showing that Mr. Nold's interest in Chindianaoplis creates a sufficient concurrent conflict of interest so as to require his disqualification from representation of the Defendants, or that other action be taken against him here. There has not been a showing that his "personal interests" are in conflict with the Defendants' interests. If Plaintiffs prevail in this litigation, both the Defendants and Mr. Nold are adversely affected.

Plaintiffs cite to Washington State Bar Association Informal Ethics Opinion 1068. Dkt. 51, at 7. That Opinion noted that a lawyer could "both serve on the board of directors and be general counsel" of a business so long as the lawyer made a determination as to whether the responsibilities

ORDER - 7

of the roles might conflict under RPC 1.7. The Opinion stated "that if there is a material risk that the dual role would compromise [the lawyer's] independent and professional judgment, [the lawyer] should not serve as a director." The situation presented here is much less concerning than the one considered in the Opinion. Here, Mr. Nold is not the "Manager" of either the two companies, although it appears that he has some decision making power as a "Member" of Chindianaoplis. Dkt. 55-2, at 6 (Chindianaoplis Amended LLC Agreement - Members must all consent to any "Major Decision"). Mr. Nold is not general counsel, but is representing these Defendants in this litigation. He states that he did not form either Chindianaoplis or All Pride. Dkt. 56, at 2. He did not represent either entity when they were formed. *Id.* There is insufficient evidence to show that Mr. Nold's personal interest in Chindianaoplis has compromised his professional judgement. Plaintiffs have failed to show that Mr. Nold should be disqualified on this basis, or other action taken against him, pursuant to RPC 1.7.

         ii.   Representation of All Three Defendants - Chindianaoplis, All Pride and Mr. Plouffe

Upon consideration of the facts in this case, it appears that there could be a potential conflict of interest in Mr. Nold's representation of all three Defendants. Accordingly, the Court turns to the issue of whether each client was informed of the potential concurrent conflict of interest and consented to the joint representation, in writing.

    b.  *Informed Consent*

RPC 1.7(b) requires that "each affected client gives informed consent, confirmed in writing" to a potential concurrent conflict of interest. At the present time, it appears that Defendants have been informed of the potential conflict of interest between the corporate Defendants and Mr. Plouffe. Dkt. 92. Each consented in writing to the joint representation. *Id.* Defendants should be aware, however, that it is possible that the Defendants' best interests may still at some point in time diverge. It is the Court's expectation that Mr. Nold be ever vigilant regarding his obligations under the Rules

ORDER - 8

of Professional Conduct.

        2.    <u>Washington Rule of Professional Conduct 1.8</u>

RPC 1.8 provides that:

> (a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
> (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;
> (2) the client is advised in writing of the desirability of seeking and is given reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
> (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

Plaintiffs make no showing that Mr. Nold's conduct here merits disqualification of his representation of the Defendants under RPC 1.8. Although Mr. Nold indicates that he has provided legal services to Mr. Bahlenhorst and other entities owned by Mr. Bahlenhorst, (Dkt. 56, at 2), there is no evidence in the record that Mr. Nold violated RPC 1.8 in his dealings with Mr. Bahlenhorst. It appears Mr. Nold did not operate as Mr. Bahlenhorst's attorney for the transactions wherein the two Defendant companies were created. Dkt. 56, at 2. Moreover, Plaintiffs fail to show the relevance of this argument to the case at bar. In any event, Plaintiffs improperly raise the argument in the Reply, and it should be disregarded.

        3.    <u>Washington Rule of Professional Conduct 3.7</u>

RPC 3.7 provides that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) disqualification of the lawyer would work substantial hardship on the client; or
> (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate; or
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

ORDER - 9

When interpreting these provisions, Washington courts are reluctant to disqualify an attorney absent compelling circumstances. *PUD No. 1 of Klickitat County v. International Ins. Co.,* 124 Wn.2d 789, 812 (1994). "A motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client." *Id.*

Plaintiffs have failed to show at this stage in the litigation that Mr. Nold should be disqualified under RPC 3.7, or that other action should be taken against him. Trial is set for October 5, 2009, and so is months away. Dkt. 28. Mr. Nold has not yet been named a witness. While Mr. Nold has made some reference to the numbers of employees of both the Defendant companies, Plaintiffs have not made a showing that the evidence is unobtainable elsewhere - like the company's employment records. Plaintiffs have not made a sufficient showing for Mr. Nold's disqualification.

### 4. Washington Rule of Professional Conduct 1.10

Under RPC 1.10(a), "while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm." Disqualification prescribed by RPC 1.10 (a) may be waived by the affected client under the conditions stated in Rule 1.7. RPC 1.10 (c).

Plaintiffs have failed to show that Mr. Nold should be disqualified from representing the Defendants. Accordingly, no showing has been made to disqualify the members of his firm.

### 5. Conclusion on Motion to Disqualify

The Motion for the Disqualification of Defendants' Attorneys (Dkt. 51) should be denied. Plaintiffs have not shown that Mr. Nold or his firm have violated the Washington Rules of Professional Conduct in a manner requiring disqualification or necessitating other action. The Court

ORDER - 10

assumes that all parties and counsel are aware of the old saw that "a lawyer who represents himself has a fool for a client."

### C. DISCLOSURE OF INFORMATION

Parties make reference to discovery issues and the failure to disclose material facts to the Court. No motion appears to have been made by either party in these pleadings. Plaintiffs have now filed a Motion to Compel, which is noted for consideration on May 8, 2009. Dkt. 85.

### D. CIVILITY

Parties are again warned to conduct themselves according to the highest professional standards. Name calling will not be tolerated. As should now be apparent, the Rules of Professional Conduct apply.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Surreply (Dkt. 66) and Plaintiffs' counsel's letter (Dkt. 68) **ARE STRICKEN**,
- Plaintiffs' Motion to Disqualify Defendants' Attorneys (Dkt. 51) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th day of May, 2009.

Robert J. Bryan
United States District Judge

ORDER - 11