UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOLLY A. NEILL, an individual; CORI MULSOFF, an individual; BRENDA JONES, an individual,

Plaintiffs,

v.

ALL PRIDE FITNESS OF WASHOUGAL, LLC, a Washington Limited Liability Corporation; CHINDIANAOPLIS, a Washington Limited Liability Corporation;

Defendants.

Case No. C08-5424RJB

ORDER ON PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

This matter comes before the Court on the above-referenced motion (Dkt. 137). The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion and is fully advised.

This motion, like other motions in the case, is marked by sharp disagreements and antagonism between counsel, making it very difficult for the court to determine who to believe. The court is left with the impression that plaintiffs' counsel have engaged and are engaging in over-zealous overkill in regard to discovery and that the defendants are engaging in stonewalling tactics. This motion is one of a long line of discovery disputes and leaves the case in a position where, only two months before trial, and approximately six weeks before trial preparation documents are to be submitted, the parties are enmeshed and mired in ongoing discovery disputes that risk their clients' right to a fair disposition of the case.

ORDER - 1

Because of the nearness of trial, the court should do its best to lay the matters at issue at rest, even though responses to motions now might be inconsistent with prior orders.

Another issue that makes this motion difficult to resolve totally on the merits is one of the volume of the number of disputes. The court at this point simply does not have time to hold hearings on discovery issues or to do the fact and legal research that may be necessary to resolve each of counsel's disputes in detail on their merits.

The court is mindful that federal courts have broad discretion in controlling discovery. Blackburn v. United States, 100 F.3d 1426, 1436 (9th Cir. 1996). The district court's decision to allow or deny discovery is reviewable only for abuse of discretion. Munoz-Santana v. INS, 742 F.2d 561, 562 (9th Cir. 1984).

The court cannot now predict what presumptions may arise against a party who fails to properly respond to discovery requests, nor can the court speculate about the effect of requiring documents or other things to be submitted at trial by subpoena when they have not been previously submitted. It may be that some of the discovery issues remaining between the parties will have to be resolved at trial.

Having said all of that, the court will now attempt to make specific orders in response to the pending motion.

First, defendants' Motion to Strike Material Contained in the Declaration of Richard Boyd Contained in Defendants' Surreply (Dkt. 166), is GRANTED.

The suggestion that the court now appoint a special master "who will have unfettered access to hard drives but who will not disclose attorney/client privilege" comes exceedingly late in the litigation process and the court does not have sufficient information before it to appoint a specific person for that job or to determine who should bear the expense. The request for a special master is DENIED.

ORDER - 2

Defendants volunteer to again produce "the tax returns and agreements which plaintiffs say they have not received." It seems professional courtesy calls for a reproduction of documents that either were not produced or that plaintiffs may have lost.

Another issue as raised in defendants' surreply is this: "Must Chindianapolis transport all of its business records to Vancouver or can they produce where they are kept in the usual course of business?" It appears to the court at this juncture that the only hope for reasonable and timely disclosure of these documents is for plaintiffs' counsel to review those records at Chindianapolis headquarters, where they are kept in the usual course of business.

As to documents requested that are claimed to be non-existent by the defendants, sadly, because of the breakdown between counsel, the following should be done: As to any documents or things requested by plaintiffs, which defendants believe to be non-existent, documents should be filed under oath by knowledgeable persons, indicating that the documents are non-existent or are unavailable due to loss or destruction. The persons signing such certifications should be individuals available to be witnesses at trial. (The plaintiffs seem to be asking the court to order the production of non-existent documents; obviously, this the court cannot do, but plaintiffs do deserve affirmation under oath that the documents are, in fact, non-existent.)

Insofar as computer information is concerned: If plaintiffs have made proper discovery requests, defendants have the following choices: (1) Submit the material as is. (2) submit the material subject to a protective order that prevents plaintiffs from using any privileged materials fro any purpose. (3) Redact privileged material and submit the rest, saving the redacted material so that the court can *in camera* determine if the redactions are appropriate, all at defendants' expense. (4) Refuse to submit any such material, taking the risk of sanctions as stated below.

Lastly, the court will address the specific issues listed in the motion (Dkt. 137), beginning at page 3, line 12. The following orders and directions are in addition to the foregoing orders and directions:

ORDER - 3

1     RFP 1: The court declines to make further order.

2     RFP 1 & 2: The court declines to make further order.

3     RFP 2 & 36(b)(2): Plaintiffs may examine defendants' records where they are kept, as stated above.

RFP 3: If in existence, the payroll information requested should be produced.

RFP 4: The court declines to make further order.

RFP 14: Documents may be viewed at Chindianapolis headquarters.

RFP 21: The court declines to make further order.

RFP 24 & 27: The court declines to make further order.

RFP 33: The court declines to make further order.

RFP 34: The court declines to make further order.

RFP 35: The court declines to make further order.

RFP 36(a): The court declines to make further order

RFP 36(b)(1): The court declines to make further order

RFP 37: The court declines to make further order.

RFP 38: The court declines to make further order.

RFP 39: The court declines to make further order.

RFP 40: The court declines to make further order.

RFP 41: The court declines to make further order.

RFP 42: The court declines to make further order.

RFP 42, 49, 50 & 51: The court declines to make further order.

RFP 45, 46, 47, 53 & 54: The court declines to make further order.

RFP 48: The court declines to make further order.

RFP 55 & 56: The court declines to make further order.

RFP 57, 58 & 59: The court declines to make further order.

| | |
|---|---|
| 1 | RFP 60: The court declines to make further order. |
| 2 | RFP 61: The court declines to make further order. |
| 3 | RFP 62 & 63: The court declines to make further order. |
| 4 | RFP 64: The court declines to make further order. |
| 5 | RFP 66, 67 & 68: The court declines to make further order. |
| 6 | RFP 72: The court declines to make further order. |
| 7 | RFP 76 & 80: The court declines to make further order. |
| 8 | RFP 89 -91 & 97-100: The court declines to make further order. |

The fact that the court has chosen not to make further certain orders on issues as stated above should not be read as excusing defendants from their discovery responsibilities. If defendants failed in those responsibilities and have not corrected errors and omissions, they may be subject to substantial sanctions, including fees and costs and sanctions set forth in Federal Rule of Civil Procedure 37.

Under the circumstances here presented, the court declines to order payment of attorney's fees or sanctions for or against either party.

IT IS SO ORDERED.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of August, 2009.

Robert J Bryan
United States District Judge

ORDER - 5