UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOLLY A. NEILL, an individual; CORI MULSOFF, an individual; BRENDA JONES, an individual,

Plaintiffs,

v.

ALL PRIDE FITNESS OF WASHOUGAL, LLC, a Washington Limited Liability Corporation; CHINDIANAOPLIS, a Washington Limited Liability Corporation;

Defendants.

Case No. C08-5424RJB

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RELIEF FROM DEADLINES AND FOR SCHEDULING CONFERENCE TO ADDRESS SAME

This matter comes before the court on the above-referenced motion (Dkt. 150). The court is familiar with the records and files herein and documents filed in support of and in opposition to the motion.

In this motion, defendants request a number of items regarding scheduling and remaining discovery. The court will address each of defendants' requests as follows:

1. <u>Depositions of Mr. Plouffe and Mr. Balenhorst</u>. It is the court's understanding that planned depositions, both personal and Fed.R.Civ.P. 30(b)(6), were unilaterally cancelled by defendants because of the bankruptcy filing of Mr. Plouffe. Those depositions should proceed as previously directed by the court (Dkt. 167), with the parties' agreed dates of August 20 and 21,

ORDER - 1

1  2009.  The court further understands that defendants have non-specific concerns and possible

2  objections regarding the scope of those depositions, due to the filing of Mr. Plouffe's bankruptcy.

3  Under the circumstances, it is appropriate for those depositions to be held in a conference room at

4  the United States Courthouse in Tacoma, Washington, so that the court will be available to rule upon

5  any objections that arise during the course of those depositions.  Therefore, it is now

ORDERED that the depositions of Mr. Plouffe and Mr. Balenhorst will be held on August 20 and 21, 2009, at 9:00 a.m. at the United States Courthouse in Tacoma, Washington, at a conference room to be assigned by the court; that plaintiffs should make arrangements for court reporting of the depositions; and otherwise, all rules applying to depositions should be followed.

    2.    <u>Depositions of Rankin and Maurer</u>.  It is the understanding of the court that defendants chose not to take the depositions of expert witnesses Rankin and Maurer at the time set.  The discovery cutoff date has now elapsed (August 3, 2009, per Dkt. 90).  The defendants have forfeited the right to take the depositions of Rankin and Maurer, and it is ORDERED that the request to reset those depositions is DENIED.

    3.    <u>Dispositive Motion Deadline</u>.  When the court ordered that dispositive motions may be brought "after discovery is complete," (Dkt. 82), the court anticipated that discovery would be complete on August 3, 2009, in accord with the order at Docket No. 90.  The court should now set a specific deadline for such filings because of the ongoing discovery disputes and the impending trial.  Therefore, it is ORDERED that any dispositive motions must be filed by the close of business on Wednesday, August 19, 2009.  Briefing schedules will be in accord with the Local Rules.

    4.    <u>Damage Calculations</u>.  Defendants again complain that the plaintiffs have not submitted adequate damage calculations in accord with Federal Rule of Civil Procedure 26, and prior requests.  The plaintiffs believe their submissions are sufficient.  While the court has determined that it should make no further order regarding this issue, plaintiffs should be aware that

if their calculations are determined to be insufficient under the rules, they may be prevented from offering evidence of, or arguing for, damages in excess of what they have disclosed.

    5.    <u>Mediation</u>. The court is aware that the parties have had difficulty in determining who should act as a mediator pursuant to Western District of Washington Local Civil Rule 39.1. Under the circumstances of this case, and the communication difficulties that the parties have had, and in accord with the authority of Western District of Washington Local Civil Rule 39.1(e), the court hereby appoints The Honorable Karen L. Strombom as a settlement judge in lieu of the mediation described in Western District of Washington Local Civil Rule 39.1(c). The parties shall report to the courtroom of the Hon. Karen L. Strombom for the purpose of a settlement conference on Friday, September 4, 2009, at 9:00 a.m., should follow any directions provided by Magistrate Judge Strombom, and should follow the procedures set out in Western District of Washington Local Civil Rule 39.1(c)(4).

    6.    <u>Request for Scheduling Conference</u>. In light of the foregoing order, it appears to the court that no further scheduling conference is necessary, and the request for a scheduling conference is DENIED.

IT IS SO ORDERED.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of August, 2009.

*Robert J Bryan*
Robert J Bryan
United States District Judge

ORDER - 3