UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOLLY A. NEILL, an individual; CORI MULSOFF, an individual; BRENDA JONES, an individual,

Plaintiffs,

v.

ALL PRIDE FITNESS OF WASHOUGAL, LLC, a Washington Limited Liability Corporation; CHINDIANAOPLIS, a Washington Limited Liability Corporation;

Defendants.

Case No. C08-5424RJB

ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS REGARDING DEPOSITIONS

This matter comes before the Court on the above-referenced motion (Dkt.152). The court is familiar with the records and files herein and documents filed in support of and in opposition to the motion.

The critical facts in regard to this motion are these: Depositions of Mr. Balenhorst and Mr. Plouffe were set for July 20 and 21, 2009. Mr. Balenhorst and Mr. Plouffe are both fact witnesses, and Federal Rule of Civil Procedure 30(b)(6) witnesses. Mr. Plouffe, at the time the depositions were set, was also a defendant. Mr. Plouffe filed bankruptcy on July 19, 2009, and accordingly, this case was automatically stayed as to him insofar as he is a defendant. The record is silent as to when defense counsel knew of Mr. Plouffe's impending bankruptcy, but they had time to notify plaintiffs'

ORDER - 1

counsel of the bankruptcy before the depositions were scheduled to start. Mr. Nold notified plaintiffs' counsel twelve minutes before the depositions were to start that the depositions would not take place. He gave this notice by telephone, overlooking the fact that the case was not stayed as to the corporate defendants; that Mr. Plouffe and Mr. Balenhorst were both Rule 30(b)(6) witnesses, as to the corporate defendants; and that Mr. Balenhorst and Mr. Plouffe were also fact witnesses as to the claims against the corporate defendants. In short, there was no legal basis upon which to unilaterally and precipitously cancel the depositions.

Regardless of whether the late notice was a planned dirty trick or inadvertence on the part of defendants' counsel, the result was the same. Plaintiffs' counsel Sheldrick and Dunn were present and ready to conduct the depositions in Vancouver, WA, along with a court reporter and videographer. The record is silent as to the amount of time that was wasted by plaintiffs' lawyers due to the late and inappropriate cancellation of the depositions, nor are the videographers and court reporter's bills before the court. It is, however, obvious that plaintiffs' counsel has spent a number of hours setting up the cancelled depositions and appearing for them, and making arrangements for the depositions to proceed at a later date. Based on the scant time record before the court, the court finds that Mr. Dunn and Ms. Sheldrick are each entitled to $1,000.00 in terms to reimburse them for lost time due to defendants' actions. In addition, the defense should pay any appearance fees for the court reporter and videographer on July 20, 2009, upon presentation of their billings.

The parties, in their voluminous pleadings, raise other issues that need not be addressed by the court at this time.

Therefore, it is now

ORDERED that Plaintiffs' Motion for Sanctions Regarding Depositions (Dkt. 152) is GRANTED. Sanctions against defendants All Pride Fitness of Washougal, LLC and Chindianapolis LLC and Nold and Associates PLLC, are GRANTED in the total amount of $2,000.00 for lost attorney's time, plus the amount of the videographer and court reporter's bills for July 20, 2009.

ORDER - 2

1 | Sanctions should be paid forthwith.

2 | The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
3 | record and to any party appearing *pro se* at said party's last known address.

4 | DATED this 17th day of August, 2009.

*Robert J Bryan*
Robert J Bryan
United States District Judge

ORDER - 3